UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-376-RJC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ADAM GOULET, | ) | |
| | ) | |
| **Defendant**. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on a Joint Motion for Entry of Final Order and Judgment, (Doc. No. 4), filed June 19, 2013. The United States filed this action against Defendant Adam Goulet ("Defendant") on June 18, 2013, seeking civil penalties pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. §1833a. See (Doc. No. 1). In their Joint Motion, the parties indicate that they have settled all claims and issues in this matter and request the Court to enter a Final Order and Judgment in accordance with the stipulations and agreements in their motion. See (Doc. No. 4).

All parties to this action consent to the entry of this Final Order and Judgment, waive any further findings of fact or conclusions of law other than what is set forth in this Order, waive all rights of appeal from this Order and the Final Judgment, and agree each to bear their own costs and attorneys' fees related to this action.

Wherefore, upon the consent of the parties and for good cause shown**, IT IS HEREBY ORDERED** that:

1. The Court finds that Defendant admits only proper service of the complaint and summons and the jurisdiction of this court in this matter and neither admits nor denies any other

allegation of the complaint. The stipulations and agreements in the joint motion filed by the parties, the entry of this Final Order, the Judgment in this case, and any act performed in compliance with the terms of such Final Order or Judgment shall not constitute or be construed as an admission by the Defendant of a violation of any law, regulation, or policy.

2. Judgment shall be entered in favor of the United States of America and Defendant shall pay to the United States of America a civil monetary penalty under FIRREA in the amount of Seven Thousand Five Hundred Dollars ($7,500.00) plus the profits, if any, from the sale of real property located at 321 McDonald Avenue, Charlotte, North Carolina. Said profit shall be defined as proceeds in excess of the reasonable costs of purchase and capital improvements, the payoff of existing loans (obtained solely for the purchase or improvement of this property), taxes on the property, and costs of the sale and closing. Defendant shall not further encumber the property at 321 McDonald Avenue, Charlotte, North Carolina without the written approval of the United States.

3. Within sixty (60) days of the entry of a final order in this matter, Defendant shall list for sale and keep listed for sale the real property located at 321 McDonald Avenue, Charlotte, North Carolina and take reasonable steps to sell that property. Defendant shall provide to counsel for the United States a copy of any offer to purchase that property Defendant intends to accept and such offer shall be subject to approval in writing by the United States through its attorney and such approval shall not be unreasonably denied. Any such profit from the sale of 321 McDonald Avenue, Charlotte, North Carolina shall be issued to the United States at the closing of that real estate sale by check payable to "The United States" and delivered shortly thereafter with a copy of the closing settlement statement by certified U.S. Mail or any express

delivery service to:

> United States Attorney
> Financial Litigation Unit
> Suite 1700 Carillon Building
> 227 West Trade Street
> Charlotte, NC 28202

4. Within sixty (60) days of the entry of a final order in this matter, Defendant shall also pay the $7,500.00 civil penalty mentioned above by check payable to "The United States" and delivered by certified U.S. Mail or any express delivery service to:

> United States Attorney
> Financial Litigation Unit
> Suite 1700 Carillon Building
> 227 West Trade Street
> Charlotte, NC 28202

5. Defendant shall not seek any loan from Branch Banking & Trust Company (BB&T) for a period of five years from the entry of the Final Judgment in this case.

6. The civil penalty to be paid pursuant to this stipulation and agreement and any order or judgment in this case cannot be discharged in bankruptcy. See 11 U.S.C. § 523(a)(7).

7. The parties are each to bear their own costs and attorney's fees with regard to this matter.

8. The Clerk of Court is directed to enter a judgment in favor of the United States of America consistent with this Final Order, and to close this case.

Signed: July 12, 2013

Robert J. Conrad, Jr.
United States District Judge

3